505 So.2d 281 (1987)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION
v.
Ernest N. SELLERS.
No. 56924.
Supreme Court of Mississippi.
April 8, 1987.
*282 Fred J. Lotterhos, Jackson, for appellant.
William J. Palmer, Pascagoula, for appellee.
BEFORE ROY NOBLE LEE, P.J., and DAN M. LEE and ANDERSON, JJ.
DAN M. LEE, Justice, for the Court:
The Mississippi Employment Security Commission appeals the reversal by the Circuit Court of Jackson County of a Board of Review determination that Ernest N. Sellers received an overpayment of unemployment compensation benefits.
The Commission assigns three errors, but we find dispositive the Commission's third assigned error that the circuit court erroneously found no substantial evidence to support the Commission Review Board's decision based on the limited record before it. We therefore reverse and reinstate the Commission's order and do not reach the Commission's other assigned errors.

FACTS
The facts are basically not in dispute. Ernest Sellers filed an initial claim for regular unemployment compensation benefits on January 31, 1985, after he was terminated from employment with Southern Guard Service, Inc.
The Commission initially determined that Sellers did not qualify for regular benefits because he had earned insufficient wages. This was a mistake. Because of this mistake, the Commission determined that Sellers was eligible to receive Federal Supplemental Compensation Benefits in the amount of $105 per week.
Sellers received his weekly benefit for the weeks February 9, 1985 through March 30, 1985, for a total benefit of $669.
After reevaluating Sellers' claim the Commission discovered he was indeed eligible for regular unemployment benefits of a maximum of $41 per week. However, because he was entitled to regular benefits, Sellers was actually ineligible for the Federal Supplemental Compensation benefits he had been receiving, since he had not exhausted the regular benefits.
Sellers was entitled to a total of $91 in regular benefits for the weeks of February 23, 1985, through March 23, 1985. This amount was credited to the $669 incorrectly paid, leaving an overpayment to Sellers of $578.
On June 5, 1985, the Commission's chief of benefits sent Sellers a letter which 1) informed Sellers that he had been overpaid $578, and 2) requested restitution.
Sellers appealed this decision, and a hearing before an appeals referee was held on June 24, 1985. The referee heard testimony from Sellers and on June 26, 1985, rendered his findings upholding the determination of an overpayment only and did not mention the restitution aspect whatsoever. In that portion designated as opinion, the referee found: "The sole issue before the referee is whether or not claimant was overpaid. * * * The chief of benefits determination of an overpayment of $578, stated in the letter of June 5, 1985, is upheld."
Sellers sought further review of this decision before the Commission's Board of Review. On August 1, 1985, the Board of Review adopted the findings of the referee and affirmed that decision.
*283 On petition to the Circuit Court of Jackson County, the circuit court reversed and held that the Commission had no authority to obtain repayment in this case because the Commission had not shown that Sellers was overpaid either as a result of failure to disclose information or that he misrepresented material facts to the Commission.

I.
It goes without saying that this Court is an appellate court and therefore its scope of review is limited. Allgood v. Allgood, 473 So.2d 416, 421 (Miss. 1985). The circuit court here was also an intermediate appellate court only and therefore its scope of review in this case is also limited.
Mississippi statutory law requires this limited scope of review of commission decisions. Miss. Code Ann., § 71-5-531 (1972) provides in part that
In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.
Here the only finding made by the Board of Review pertained to whether Sellers was overpaid.
There can be no question that this determination was supported by substantial evidence in fact admitted by Sellers and therefore must be affirmed. See Piggly Wiggly v. Mississippi Employment Security Comm. 465 So.2d 1062, 1065 (Miss. 1985); Mississippi Employment Security Comm. v. Benson, 401 So.2d 1303, 1305 (Miss. 1981); Mississippi Employment Security Comm. v. Georgia Pacific Corp., 394 So.2d 299, 303 (Miss. 1981); Williams v. Mississippi Employment Security Comm., 395 So.2d 964, 965-66 (Miss. 1981).
There may yet be a determination as to whether this overpayment can be collected because the appellant agency erroneously overpaid Sellers initially. The referee and board did not pass on this question of law, nor was it properly before the circuit court but one yet to be made. This Court generally will not determine questions not decided by a trial court. Beard v. Stanley, 205 Miss. 723, 39 So.2d 317, 321 (1949), see also Burkett v. Peoples Bank of Biloxi, 225 Miss. 291, 303, 83 So.2d 763 (1955). We think this position should apply equally to questions not determined by administrative agencies. Therefore, we hold that the question of whether the Commission could collect or recover the overpayment was not before the circuit court.[1]
Before the Commission is entitled to recover the overpayment in accordance with Miss. Code Ann. § 71-5-19(4) (1972) and (Supp. 1986) there must be findings by the Commission that:
1) A person received benefits,
2) at a time when he was ineligible,
3) by reason of a nondisclosure or a misrepresentation of a material fact,
4) made by that person or another,
5) irrespective of fraudulent intent or knowledge of the omitted or misrepresented fact.
The Board of Review's opinion could be read as expressing findings on the first two points, but no findings whatsoever were made concerning points 3, 4 and 5. If action is taken to collect the overpayment these additional findings and determinations must be made.
Therefore, it is hereby ordered and adjudged that the decision of the Circuit Court of Jackson County reversing the decision of the Board of Review of the Mississippi Employment Security Commission is reversed and the decision of the Board of Review is reinstated without prejudice as to either party to comply with § 71-5-19(4) Miss. Code Ann. (1972) (Supp. 1986).
REVERSED AND RENDERED.
*284 WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] Provision is made for certifying questions of law to the circuit court reviewing a Board of Review decision. It is not certain that the question of collection could have been properly raised by this method, but in any event certification was not sought here. See Miss. Code Ann. § 71-5-531 (1972).