ROY NOBLE LEE, Chief Justice,
for the Court:

Introduction

James L. Horton left the employ of Sunbelt Ford-Mercury, Inc., Louisville, Mississippi, and filed a claim for unemployment compensation benefits on August 28, 1987. The claim was denied by the Claims Examiner May 14, 1987, on the ground that Horton had left work voluntarily and without good cause. Horton appealed the decision and, after a full hearing, the Appeals Referee for the Board of Review of the Mississippi Employment Security Commission also held that Horton was disqualified for benefits, but for the reason that Horton had been offered suitable work and had declined to accept such work.
Horton appealed the Referee’s decision to the Board of Review. The Board agreed with the Referee’s finding of fact but, holding that Horton had good cause for failing to accept the offer of other work made to him by Sunbelt Ford-Mercury, Inc., can-celled the disqualification for benefits.
Sunbelt Ford-Mercury, Inc. appealed the decision of the Board of Review, Mississippi Employment Security Commission, to the Circuit Court of Winston County, which court held that the decision of the Board of Review was supported by substantial evidence and affirmed the Board’s decision. Sunbelt Ford-Mercury, Inc. has perfected an appeal to this Court and assigns two errors in the proceedings below.

Facts

Horton was hired by Sunbelt Ford-Mercury, Inc., (Sunbelt) in 1985 at a salary of $13,000 per year to collect some old accounts. During the latter part of February, 1987, when Horton had cleared up most of the past due credit collection problems he had been hired to handle, the company decided that it was not adding on enough new accounts receivable to justify a full-time credit manager. However, Sunbelt wanted to find other responsibilities for Horton in order to keep him on the payroll, and asked him to become a salesman to supplement other responsibilities which he had taken on as his work as credit manager decreased.
In addition to other assignments, such as keeping up with four rental vehicles, keeping the hours of service men and keeping service tickets in numerical order, etc., Horton began to sell automobiles and contacted his friends, who might be prospects for automobiles. His compensation changed at that time from a salary of $1,200.00 per month to a guaranteed draw of $1,000.00 per month plus commission. His work hours which had been 8 a.m. to 5 p.m. five days a week increased as salesman to the hours of 8 a.m. until 6 p.m. five days a week and from 8 a.m. on Saturday until business slowed down around 3 p.m. or 4 p.m. Company policy allowed each salesman to take off one Saturday per month and one weekday afternoon per week. Horton declined to comply with the new hours. On April 21, 1987, Horton left the employ of Sunbelt.

Law

I.
SUNBELT MADE AN OFFER OF SUITABLE WORK TO HORTON.
II.
HORTON WAS NOT AVAILABLE FOR WORK BECAUSE HE HAD UNREASONABLY RESTRICTED THE TERMS AND CONDITIONS OF HIS EMPLOYMENT AND VOLUNTARILY LEFT WITHOUT GOOD CAUSE.
We have not been cited to a case in this state, nor have we found one, which involves the exact question here. Mississippi Code Annotated § 71-5-513 (Supp.1987) provides, in part:
(a) In determining whether or not any work is suitable for an individual, the *119 commission shall consider among other factors the degree of risk involved to his health, safety, and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence; provided, however, that offered employment paying the minimum wage or higher, if such minimum or higher wage is that prevailing for his customary occupation or similar work in the locality, shall be deemed to be suitable employment after benefits have been paid to the individual for a period of eight (8) weeks.
Appeals from the Board of Review are governed by Mississippi Code Annotated § 71-5-531 (1972), which states in part:
In any judicial proceeding under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.
Findings of fact and pertinent portions of the Referee’s opinion follow:
FINDINGS OF FACT: Claimant was last employed by Sunbelt Ford-Mercury, Louisville, Mississippi, for approximately two years ending April 22, 1987. Claimant was hired to perform the job of credit collections on old accounts prior to the purchase of the company by present owners at a salary of $13,000.00 per year. As of December 1986, claimant had basically completed the job for which he was hired and in order to maintain his employment with the company it became necessary for the company to change his job duties and add additional duties. In a meeting the latter part of February 1987, in which claimant was included, all employees were instructed that they were to be salesmen placed on a straight commission with a guaranteed draw and their hours of work would be 8:00 a.m., to 6:00 p.m., five days per week and 8:00 a.m., to 3 or 4:00 p.m., on Saturday, with other time off during the week so as they would not be required to work long hours. Claimant contends he never accepted these hours but continued on his same job doing some selling work Monday trough Friday of each week as he had been. On April 21, 1987, he was again advised of his job change and hours he would be required to work or he would no longer be employed by the company. Claimant refused to accept these hours of work contending he was not going to work on Saturday or those long hours. He simply did not return to work after that date.
OPINION: In this case, the Referee is of the opinion that the work offered to claimant was suitable work for claimant and that his reasons for failing to accept such work are not considered good cause as that term is used in the Law. Claimant did not have a definite prospect of any other work at the time he refused the offer of new work. Moreover, it is commonly known that employees in the car sales industry work hours as described above. The claimant could have continued in his employment had he accepted the terms of the job. The determination of the Claims Examiner will be modified.
The Board of Review adopted the findings of fact by the Referee, but reversed the Referee’s opinion:
FINDINGS OF FACT AND OPINION: The Board agrees with the Findings of Fact as stated by the Appeals Referee. The Board is of the opinion, however, that claimant had good cause for failing to accept this offer of other work made to him by his former employer. Disqualification for benefits is not in order.
In South Central Bell Telephone Co. v. Miss. Employment Security Comm’n, 357 So.2d 312 (Miss.1978), this Court held that when the office was closed in Cleveland and work was offered to the employees thirty-five to forty-three miles away, the work was suitable since it was not unusual for persons in their occupations and in the area in which they resided to drive those distances to work. Mississippi Employment Security Comm’n v. Swilley, 408 *120 So.2d 61 (Miss.1981), held that when a worker was called back to work at a lower wage, after having been laid off previously, the employment was suitable. In Melody Manor, Inc. v. McLeod, 511 So.2d 1383 (Miss.1987), the Court held that when the claimant refused to accept a change of employment from the night shift to the day shift, she refused suitable work and was not entitled to unemployment compensation benefits.
The appellee, Mississippi Employment Security Commission, contends that:
[A]n automobile agency is not a generic “occupation.” What is “customary” for a salaried, regular hour, office employee of such an agency does not equate with what is “customary” for a salesman on the lot, working all kinds of erratic hours, and paid solely by commission....
[[Image here]]
... [This is] a clear case of an employee who, in good faith, took what one might call a “regular” job. The pay was regular, the hours were regular, and the duties were what might be called regular, office type. Then one day the owner of the business called him in, and told him from then on he would be a car salesman and paid strictly by commission on the cars he might be able to sell. No more regularity.
We think the position of the appellee is flawed. First, Horton knew that the work he had been originally hired to do was virtually completed by the end of 1986, and he accepted the job change by continuing to work at Sunbelt from February through April 21, 1987. Second, the record indicates that there was “regularity.” The guaranteed draw of $1,000 was regular, although less than the salary Horton had previously drawn and could be supplemented by commissions. The hours worked were definite and regular, although a little longer than those Horton had previously worked.
Sunbelt contends that Horton was not available for work because he had unreasonably restricted the terms and conditions of his employment and voluntarily left without good cause. This Court has said:
That words “available for work” imply that in order that an unemployed individual be entitled to benefits he must be willing to accept any suitable work which may be offered him without attaching thereto restrictions or conditions not usual or customary in that occupation, but which he may desire because of his particular needs or circumstances.... The burden is upon the unemployed individual to show the required conditions have been met entitling him to benefits.
Mississippi Employment Security Comm’n v. Swilley, 408 So.2d 61, 62 (Miss.1981), quoting Mississippi Employment Security Comm’n v. Blasingame, 237 Miss. 744, 749, 116 So.2d 213, 215 (1959). Sunbelt argues that:
Not only is it customary in the car sales industry to work Saturdays, many persons are required to work Saturdays in their jobs. Such an unreasonable restriction ... would severely restrict employers in adapting their business as the economy dictates....
******
... All other salesmen employed by Sunbelt worked under the same terms and the hours worked were not substantially different from Horton’s previous position.
We are of the opinion that the work offered Horton was suitable work and that, since he declined to accept such work unless certain restrictions or conditions not usual or customary in the occupation were granted, his refusal to work amounted to a voluntary termination of work on his part and rendered him ineligible for unemployment compensation benefits.
Therefore, the judgment of the lower court is reversed, judgment is rendered here denying unemployment compensation benefits to James L. Horton. The cause is remanded to the Mississippi Employment Security Commission for the entry of appropriate orders consistent with this opinion.
REVERSED, RENDERED AND REMANDED.
*121 HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.