792 So.2d 1031 (2001)
Henry MAXWELL, Appellant
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellee.
No. 2000-CC-00596-COA.
Court of Appeals of Mississippi.
August 28, 2001.
Henry Maxwell, Appellant Pro Se.
Albert B. White, Madison, for Appellee.
Before McMILLIN, C.J., IRVING, and CHANDLER, JJ.
IRVING, J., for the Court:
¶ 1. Henry Maxwell was denied unemployment benefits by the Board of Review of the Mississippi Employment Security Commission. Maxwell appealed the denial to the Circuit Court of Bolivar County which affirmed the decision of the Board of Review. This is his next appeal in which he posits the following issues quoted verbatim: (1) whether Appellant has been deprived of an entitlement and substantial due process, and a fair and adequate post-deprivation remedy, and (2) whether the circuit court's decision affirming the board of review's decision should be affirmed.
¶ 2. Finding no error, we affirm the trial court.

FACTS
¶ 3. Henry Maxwell is a nine-year veteran of the United States Army. In 1988, Maxwell separated from the Army with a dishonorable discharge status. He filed a claim for unemployment benefits in May 1988, and was denied benefits on the basis on his dishonorable discharge status.[1] Maxwell did not appeal this decision.
¶ 4. Eleven years after Maxwell was dishonorably discharged, his discharge status *1032 was upgraded to discharged under honorable conditions. On April 11, 1999, Maxwell filed a new claim, and it was denied by the claims examiner. In denying the claim, the claims examiner found that Maxwell filed an initial claim on May 8, 1988, but since Maxwell did not appeal the 1988 decision, the claim made in 1999 could not be backdated to May 8, 1988. This decision was appealed, and a hearing was held before Appeals Referee Pamela Johnson.
¶ 5. During the hearing on the appeal, Maxwell testified that he did not appeal the 1988 denial of benefits because he did not know that he could. He also testified that he did not recall receiving, in writing, the 1988 decision denying benefits. He further testified that he began working for the Mississippi Department of Corrections on September 12, 1988, was working there at the time of the hearing and had been continually employed there since 1988.
¶ 6. The appeals referee ruled that Maxwell's request for backdating was properly denied because Maxwell did not file the claim in accordance with prescribed procedures. The Board of Review affirmed the referee's decision and adopted his findings of fact and opinion. As stated, Maxwell appealed to the Circuit Court of Bolivar County which affirmed the decision of the Board of Review.

ANALYSIS OF ISSUES PRESENTED

Standard of Review
¶ 7. The standard of review of decisions made by an administrative agency is well defined under Mississippi law. "An agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights." Allen v. Mississippi Employment Sec. Comm'n, 639 So.2d 904, 906 (Miss.1994) (citing Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss. 1993); Mississippi Employment Sec. Comm'n v. PDN, Inc., 586 So.2d 838, 840 (Miss.1991)).

Eligibility for Benefits and Deprivation of Due Process
¶ 8. Because the issues asserted by Maxwell are interrelated, they will be addressed jointly. Maxwell argues that he is eligible for unemployment benefits and that his claim should be backdated essentially because his separation from the Army occurred due to no fault on his part. It is not disputed that at the time Maxwell applied for benefits in 1988, he had been dishonorably discharged. Likewise, it is not disputed that he, at that time, did not appeal the denial of benefits and in September of that year became employed with the Mississippi Department of Corrections.
¶ 9. Eleven years later, Maxwell's dishonorable discharge was upgraded to a general discharge. Mississippi Code Annotated § 71-5-511 (Rev.2000) provides that an individual is eligible for unemployment benefits if he registers for work and continually reports to an employment office weekly, as prescribed by the commission. In the event the benefits are denied, Mississippi Code Annotated § 71-5-517 (Rev.2000) also requires that an appeal from an initial determination must be initiated within fourteen days after the date of notification or after the date such notification was mailed to the claimant's last-known address.
¶ 10. As already noted, Maxwell filed a claim for benefits on May 8, 1988; however, he failed to file continuous, weekly claims. In an attempt to get around the fact that no appeal was filed from the *1033 denial of the 1988 claim, Maxwell says he was not given notice of the denial in writing and the attendant notice of appeal rights. Maxwell's claim that he was not given notice of the decision in writing is suspect, for this Court is very much aware of the claims procedures and regulations employed by the Mississippi Employment Security Commission.
¶ 11. Maxwell claims that, because the Commission failed to give him written notice of the denial of his claim and notice of his right to appeal, coupled with the fact that his general discharge relates back to his date of discharge, he is entitled to be awarded benefits for the period between May 8, 1988, and September 12, 1988. We note that Section 71-5-511 provides that the Commission may, by regulation, waive or alter the requirement that a claimant continue to report or file claims during the pendency of a claims decision. Relief may be granted in this respect in cases where the Commission "finds that compliance with such [requirement] would be oppressive or would be inconsistent with the purposes of [unemployment benefits]." We also note that Section 71-5-517 allows the Commission, for good cause, to reconsider an initial determination that has not been appealed, as the Commission has continuing jurisdiction until there has been an appeal from the Commission's denial of a claim. However, when there is no appeal from an initial determination, it is only logical to assume that the Commission's jurisdiction over that determination does not continue indefinitely.
¶ 12. Further, on these facts, we cannot say that the Commission's decision not to grant reliefbecause Maxwell failed to comply with the appropriate regulations is not supported by substantial evidence, is arbitrary or capricious, is beyond the scope or power granted to the agency, or violates Maxwell's constitutional rights. In other words, we do not find that the facts present a situation that requires rectification because the failure to do so would be oppressive to Maxwell or would be inconsistent with the purposes of the unemployment compensation law. Nor do we find it beyond the scope or power of the Commission to not reconsider an eleven-year-old initial determination that it has no record of having ever made.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY IS AFFIRMED.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS and CHANDLER, JJ., concur.
NOTES
[1] These facts are determined from testimony given by Maxwell. The Mississippi Employment Security Commission asserts in its brief that it has no record of the 1988 claim because it does not keep records for such a long period of time (eleven years).