826 So.2d 100 (2002)
William H. CARAWAY, Appellant,
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellee.
No. 2001-CC-01207-COA.
Court of Appeals of Mississippi.
September 3, 2002.
James A. Williams, Meridian, attorney for appellant.
Albert B. White, Madison, attorney for appellee.
Before SOUTHWICK, P.J., LEE, and MYERS, JJ.
*101 MYERS, J., for the court.
¶ 1. William H. Caraway filed a claim for unemployment benefits on July 23, 2000, with the Mississippi Employment Security Commission asserting that he had been laid off by his employer, A & B Enterprises. The Commission awarded Caraway monetary benefits because of A & B Enterprises's failure to timely file Form EXR-21 which provides the Commission with any information that would disqualify Caraway from receiving benefits. A & B Enterprises filed the form and appealed the Commission's determination asserting that Caraway had not shown up for work for two days nor called to explain his absence and based on company policy was terminated. The referee scheduled a hearing but Caraway failed to appear. The referee examined the record and determined that Caraway had voluntarily quit his employment and that he was not entitled to the monetary benefits already paid to Caraway and that he was obligated to repay these benefits.
¶ 2. Caraway appealed the referee's decision and again failed to appear at the hearing. The Board of Review affirmed the referee's decision. Caraway appealed the case to the Clarke County Circuit Court, Honorable Larry Roberts presiding. The circuit court found that the findings of fact made by the Board of Review were substantially supported by the evidence and affirmed the Board's decision. Aggrieved by this decision, Caraway perfected the present appeal to this Court asserting that A & B Enterprises should not have been allowed to file Form EXR-21 after the filing date and that the burden of proof was improperly placed on Caraway to prove that he did not voluntarily quit.

LEGAL ANALYSIS
¶ 3. The standard of review of administrative agency decisions is "[a]n agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights." Maxwell v. Mississippi Employment Sec. Comm'n, 792 So.2d 1031, 1032 (¶ 7) (Miss. Ct.App.2001). Upon judicial review, "the findings of the board of review as to the facts, if supported by substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." Miss.Code Ann. § 71-5-531 (Rev.2000). With these standards in mind, we look to the issues raised in this appeal.

1. WHETHER A & B ENTERPRISES SHOULD NOT HAVE BEEN ALLOWED TO UNTIMELY FILE ITS RESPONSE TO THE COMMISSION'S NOTICE OF A CLAIM.
¶ 4. Caraway contends in his first point of error that A & B Enterprises's response should not have been accepted as it was untimely filed. Caraway filed his initial claim with the Commission on July 23, 2000. Upon receipt of the claim, the Commission forwarded A & B a form on which the company was to provide any information that would disqualify Caraway from receiving benefits. A & B failed to respond in a timely fashion and the Commission made an initial determination awarding benefits to Caraway. A & B was given an opportunity to appeal the Commission's decision and properly did so. Caraway failed to appear at the hearing and the referee examined the record including the document tardily filed by A & B and found that Caraway had voluntarily quit his job and had not been laid off as claimed.
*102 ¶ 5. An initial determination may be reconsidered upon a showing of good cause. Miss.Code Ann. § 71-5-517 (Rev.2000). A & B was given fourteen days in which to request reconsideration of the Commission's decision or file a notice of appeal. A & B timely requested reconsideration of the Commission's decision. Based on the information contained in the untimely filed document, the Commission amended its decision and determined that Caraway was not entitled to the benefits received. Caraway contends that the Commission should not have considered the document as it was untimely filed and A & B did not present good cause for the untimely filing. The document did not indicate that if the document was filed late that good cause would have to be shown in order for the document to be considered. The Commission considered this information when it amended its determination and found that Caraway was not entitled to unemployment benefits. The document gave the Commission good cause to reconsider and amend its initial determination. The Commission acted properly in this matter. This issue is without merit.

2. WHETHER THE BURDEN OF PROOF WAS IMPROPERLY PLACED ON CARAWAY TO PROVE THAT HE DID NOT VOLUNTARILY QUIT.
¶ 6. Caraway contends in his next point of error that the burden of proof was improperly placed on him to prove that he did not voluntarily quit instead of forcing A & B to prove that he was not laid off. "The burden of proof of good cause for leaving work shall be on the claimant, and the burden of proof of misconduct shall be on the employer." Miss.Code Ann. § 71-5-513(A)(1)(c) (Rev.2000). The Commission found that Caraway voluntarily left his employment without good cause and was disqualified from receiving benefits. Upon so finding, Caraway was given the burden of proving that he did not voluntarily leave his employment. The burden of proof was properly placed on Caraway.
¶ 7. The question of whether an employee voluntarily left employment or was discharged is a question of fact for the Commission to resolve. Hodge v. Mississippi Employment Sec. Comm'n, 757 So.2d 268, 270 (¶ 9) (Miss.2000). The Commission's findings of fact are deemed conclusive so long as they are supported by substantial evidence and not purported to be fraudulent. Miss.Code Ann. § 71-5-531 (Rev.2000). The facts found by the Commission and adopted by its Board of Review are supported by substantial evidence. Caraway does not allege that the findings were fraudulently made. This issue is without merit.

3. WHETHER THE COMMISSION IS ENTITLED TO REIMBURSEMENT FROM CARAWAY FOR THE AMOUNT OF BENEFITS OVERPAID.
¶ 8. The Commission asserts in its cross-appeal that it has the right to offset the monies wrongfully paid to Caraway in the future should he again become unemployed. "Any benefits finally determined to have been erroneously paid shall be set up as an overpayment to the claimant and must be liquidated before any future benefits can be paid to the claimant." Miss. Code Ann. § 71-5-517 (Rev.2000). The erroneously received benefits may either be deducted from any future benefits payable to the claimant or the claimant may be liable to directly repay the benefit to the Commission. Miss.Code Ann. § 71-5-19(4) (Rev.2000). In order for the Commission to directly pursue collection measures against the claimant, the Commission must find that: "1) A person received benefits, 2) at a time when he was ineligible, 3) by reason of a nondisclosure or a *103 misrepresentation of a material fact, 4) made by that person or another, 5) irrespective of fraudulent intent or knowledge of the omitted or misrepresented fact." Mississippi Employment Sec. Comm'n v. Sellers, 505 So.2d 281, 283 (Miss.1987). The Commission's findings do not express that this is a case of fraud. The Commission may not pursue active collection measures against Caraway. The Commission may offset any future payments payable to Caraway by the amount of overage erroneously paid to Caraway.

CONCLUSION
¶ 9. The judgment of the circuit court affirming the Commission's determination that Caraway was not entitled to benefits is without error. Once the Commission received the documents filed by Caraway's employer, the Commission had good cause to reconsider its initial determination. Upon finding that Caraway voluntarily quit his employment, the burden of proof was properly placed on Caraway to prove that this did not occur. Caraway failed to present evidence that he was laid off. The issues raised by Caraway are without merit. The Commission may not pursue active collection measures against Caraway for the benefits erroneously paid to him. The Commission may instead offset any benefits that Caraway may become entitled to in the future against the amount of benefits erroneously paid.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY IS AFFIRMED AS MODIFIED.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.