BRIDGES, J.,
for the Court.
¶ 1. Shekieda Hardy filed for unemployment benefits. The Board of Review for the Mississippi Employment Security Commission found that Hardy had been discharged for misconduct, disqualifying her from benefits. Here on appeal, Hardy argues that this finding is not supported by the evidence. We find substantial evidence to support the decision. Therefore, we affirm.
FACTS
¶ 2. Shekieda Hardy, a security guard, was employed by the Bayou Caddy’s Jubilee Casino (BCJC) for approximately one and one-half years. She was terminated on June 20, 2002, for accepting a gratuity from a patron while on duty. Further, while being escorted from the property, Hardy allegedly made threats. Both of these actions are grounds for termination. Hardy was aware of these policies and the violations were established by both testimony and exhibits.
¶ 3. After Hardy was terminated, she filed for unemployment benefits. A claims examiner investigated and later disqualified Hardy for misconduct based on her violation of BCJC’s policy. Hardy appealed and a hearing was later held. At the hearing, Hardy.and a BCJC representative, Tess Nichols, director of administration, testified and produced documents.
¶ 4. At the conclusion of the hearing, based on testimony and documents, the referee found that Hardy was observed accepting and using a patron’s complimentary deli sandwich ticket as a gratuity, which violated BCJC’s policy. It was noted by the referee that Hardy advised the patron that she could not accept the complimentary ticket, but the patron slipped the ticket under her order, and Hardy later used the complimentary ticket to purchase two sandwiches. The referee concluded that Hardy’s acceptance and use of the complimentary ticket was a violation of BCJC’s policy and constituted misconduct.
¶ 5. Again, Hardy appealed, and after reviewing the record, the Board of Review affirmed the referee’s decision and in doing so adopted the findings and conclusion made by the referee. Hardy appealed to the Circuit Court of Washington County and on December 11, 2002, the circuit court entered an order affirming the decision of the Board of Review. The circuit court found that Hardy was discharged for disqualifying work related misconduct in accepting a gratuity from a patron in the form of a “comp ticket” which security *1047 guards were not allowed to do. The circuit judge concluded that based on case authorities BCJC met its burden of proving misconduct by substantial, clear and convincing evidence.
¶ 6. It is from this decision that Hardy now appeals to this Court.
ANALYSIS
¶ 7. The standard of review of administrative agency decisions is “[a]n agency’s conclusions must remain undisturbed unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights.” Maxwell v. Miss. Employment Sec. Comm’n, 792 So.2d 1031, 1032(¶ 7) (Miss.Ct.App.2001).
¶ 8. A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency. Lewis v. Miss. Employment Sec. Comm’n, 767 So.2d 1029(¶ 9) (Miss.Ct.App.2000). Factual findings of the Commission’s Board of Review, if supported by substantial evidence, will be upheld on appeal. Miss.Code Ann. § 71-5-531 (Rev. 2000).
¶ 9. In Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982), the Mississippi Supreme Court defined misconduct in the context of unemployment law as:
conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Aso, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences [sic] and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered “misconduct” within the meaning of the statute.
¶ 10. In the present case, it is clear that the decision of the Board of Review was supported by the evidence and that BCJC met its burden of proving by substantial, clear and convincing evidence that Hardy’s actions constituted misconduct.
¶ 11. This Court having reviewed the record finds that the decision of the MESC was supported by substantial evidence and will not be disturbed.
¶ 12. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER, AND GRIFFIS, JJ., CONCUR.