549 So.2d 446 (1989)
SHANNON ENGINEERING & CONSTRUCTION, INC.
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Reginald Berry.
No. 07-CA-58747.
Supreme Court of Mississippi.
September 13, 1989.
*447 B. Ruth Johnson, Sullivan & Sullivan, Jackson, for appellant.
Fred J. Lotterhos, Jr., Jackson and Jannie M. Lewis, Lexington, for appellees.
Before DAN M. LEE, P.J., and PRATHER, and ROBERTSON, JJ.
PRATHER, Justice, for the Court:

I.
At issue in this appeal is whether the employer sustained its burden of proving that the employee was guilty of disqualifying "misconduct" constituting insubordination under the Mississippi Employment Security Commission Act. The decision of the Circuit Court of Humphreys County, Mississippi, affirmed the decision of the Board of Review [hereinafter Board] of the Mississippi Employment Security Commission [hereinafter MESC] reinstating unemployment benefits to Reginald Berry [hereinafter Berry].
The employer, Shannon Engineering & Construction Company [hereinafter Shannon], presents the following issues for review:
(A) Whether the Circuit Court of Humphreys County, Mississippi, erred in affirming the decision of the MESC Board of Review [hereinafter Board] which found that there is no evidence whatsoever to support the conclusion that Berry's actions constituted misconduct;
(B) Whether "insubordination" is interpreted as constituting "misconduct" pursuant to Mississippi Code Annotated § 71-5-513(A)(1)(b) (Supp. 1987);
(C) Whether there was substantial evidence to support a finding that Berry willfully and knowingly failed to perform work assigned to him within his job classification;
(D) Whether there was substantial evidence to support a finding that Berry knowingly or willfully failed to perform his work as instructed; and
(E) Whether the findings of the Board are supported by substantial evidence.
Issues "A," "C," "D" and "E" are virtually synonymous; therefore, for purposes of brevity and avoidance of undue repetition, these issues will be consolidated. Accordingly, these issues become: Whether the circuit court erred by affirming the Board's decision which held that Berry's actions did not constitute misconduct.

II.
The facts are disputed; nonetheless, the following was determined by the MESC Referee [hereinafter Referee] on January 30, 1987:
[Berry] was employed 1 year and 11 months as a laborer at $4.10 an hour with Shannon ... [of] Belzoni, Mississippi, ending October 23, 1986. He was discharged following a conversation with the [owner of Shannon] over his job title and job responsibilities within that job classification. [Berry] had been hired as a laborer, which required he perform any job assigned within his physical capabilities including working in the ditch with a pipe layer, when needed. [Shannon] contends that [Berry] vowed he would not work in the ditch anymore if he were not paid higher wages and would just take someone's job on the ground if he was to be paid the rate of a laborer. [Berry] denies that he refused to work in the ditch as he had done in the past. He alleges that he was discharged because he refused to sign a paper required by the Labor Department which he allegedly was not going to be allowed to read. *448 [Shannon] admits asking [Berry] to sign a peice (sic) of paper and refusing to let him remove it from the premises. He denies putting any pressure on [Berry] to sign, as it did not make any difference and would go into the file. [Shannon] contends that the sole reason for the termination was the stated intention not to perform job assignments he had done in the past because he was doing the work of a pipe layer and paid at the rate of a laborer.
The paper which Shannon wanted Berry to sign concerned an earlier investigation by the Labor Department. During the investigation, Berry had informed the Department that his job title and duties were that of a pipe layer  although he was being paid the lesser wage of a common laborer. The paper Berry was urged to sign would have corrected this error as alleged by Shannon. According to Shannon, Berry did the work of a common laborer  not pipe layer  and was being paid the appropriate wage.
Berry filed a claim for unemployment benefits; the MESC Claims Examiner approved the claim. Shannon appealed the Claims Examiner's decision.
Based upon the record and conflicting testimony, the Referee decided that Berry's discharge "was for actions which constitute misconduct connected with the work." Therefore, pursuant to statutory dictate, Berry was disqualified from receiving unemployment benefits. Berry appealed the decision to the MESC Board of Review.
The Board issued an opinion agreeing with the Referee's fact-finding, but disagreeing with the Referee's application of law.
[T]he evidence ... does not substantiate a finding that [Berry] was discharged for misconduct connected with his work within the meaning of that term as it is used within the [l]aw and [Berry] is not subject to disqualification for benefits under the provisions of the [l]aw.
Shannon appealed the Board's decision to the Humphreys County Circuit Court.
The only issue considered by the Circuit Court, sitting as an appellate court, was "whether there is substantial evidence to support the Board's decision." The Circuit Judge determined:
The decision of the Board was entirely correct, as there was no evidence whatsoever to support the conclusion that Reginald Berry's actions constituted misconduct. The only thing that Berry was guilty of was failure to act in a subservient manner to an overbearing employer. Such conduct may expose an employee to retaliation from a tempermental (sic) employer, but it does not disqualify one from entitlement to unemployment benefits.
Accordingly, the Circuit Court on August 26, 1987, affirmed the Board's decision. Shannon now appeals the circuit court's decision to the Mississippi Supreme Court.
Basically, Shannon is asking whether "insubordination" falls within the definitional purview of statutory "misconduct" and, if so, is Berry guilty of insubordination? Shannon alleges that Berry was insubordinate and, consequently, his actions constitute disqualifying misconduct. Berry should, therefore, be precluded from receiving unemployment benefits.

III.

A. Whether "insubordination" is interpreted as constituting "misconduct" pursuant to Miss. Code Ann. § 71-5-513(A)(1)(b) (Supp. 1988) [hereinafter Statute].
The Statute provides that "[a]n individual shall be disqualified for [unemployment] benefits ... for misconduct connected with his work, if so found by the commission." The Mississippi Supreme Court has defined "misconduct" as:
[C]onduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard *449 of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the [S]tatute.
Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982) (citing Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (1941)); see also Miss. Employment Sec. Comm'n v. Borden, Inc., 451 So.2d 222, 225 (Miss. 1984).
The issue concerning whether "insubordination" falls within the purview of "misconduct"  with regard to unemployment compensation cases  has not been legislatively nor judicially addressed in this state. In addition, "insubordination" has never been statutorily defined; this Court has, however, defined the term in other contexts (e.g., in cases dealing with termination of a teacher's contract by a school district). See Sims v. Bd. of Trustees, Holly Springs Mun. Separate School Dist., 414 So.2d 431 (Miss. 1982) (teacher was dismissed for insubordination by refusing to execute attachment to employee contract).
In Sims, the Supreme Court adopted the following definition: "A `constant or continuing intentional refusal to obey a direct or implied order, reasonable in nature, and given by and with proper authority' [constitutes insubordination]." 414 So.2d at 435 (quoting Ray v. Minneapolis Bd. of Educ., Special School Dist. No. 1, 295 Minn. 13, 202 N.W.2d 375 (1972)). This Court holds that the Sims definition should be extended to unemployment cases and that insubordination is included within the scope of "misconduct."

B. Whether the circuit court erred by affirming the Board's decision which held that Berry's actions did not constitute disqualifying misconduct.
The Board concurred with the Referee's statement of facts, but concluded as a matter of law the evidence did not substantiate a finding that Berry is guilty of employee misconduct.
Well-settled law in Mississippi holds that judicial review of a Board ruling is limited. Piggly Wiggly of Bay Springs & Dixieland Food Stores, Inc. v. Miss. Employment Sec. Comm'n, 465 So.2d 1062, 1064-65 (Miss. 1985). The Mississippi Legislature has determined that:
[i]n any judicial proceeding ... the findings of the [B]oard ... as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.
Miss. Code Ann. § 71-5-531 (1972); see Miss. Employment Sec. Comm'n v. Blasingame, 237 Miss. 744, 747, 116 So.2d 213, 214 (1959) ("The legislature has clearly provided that judicial review of decisions of the Board ... shall be confined to questions of law."), quoted in Wheeler, 408 So.2d at 1384; see also Miss. Employment Sec. Comm'n v. Pulphus, 538 So.2d 770, 772 (Miss. 1989); Miss. Employment Sec. Comm'n v. Sellers, 505 So.2d 281, 283 (Miss. 1987); Melody Manor, Inc. v. McLeod, 511 So.2d 1383, 1385 (Miss. 1987).
The word "evidence," as used in § 71-5-531, has been interpreted to mean "substantial evidence." Williams v. Miss. Employment Sec. Comm'n, 395 So.2d 964 (Miss. 1981). Accordingly, in cases where substantial evidence supportive of the Board's fact-finding exists and the relevant law was properly applied to the facts, the appellate courts are without authority to disturb the Board's conclusion. See, e.g., Miss. Employment Sec. Comm'n v. Benson, 401 So.2d 1303 (1981);
In the case sub judice, the decision of the Board is correct. Substantial evidence produced through testimony and miscellaneous documents exists to support the Board's statement of facts, and the Board fairly applied the appropriate rule of law to the facts.
This Court has not opined what standard of proof is imposed upon an employer who is seeking to establish disqualifying *450 conduct of a former employee. But see Miss. Employment Sec. Comm'n v. Georgia-Pacific, 394 So.2d 299, 300 (Miss. 1981) (MESC utilizing "convincing substantial evidence" as burden of proof in related unemployment compensation case). Other jurisdictions have addressed the issue and have held that "a charge of misconduct generally must be sustained by substantial, clear, and convincing evidence of the truth thereof." 1B Unemployment Insurance Reporter par. 1970, at 4453 (1984). The burden of proving that the employee has been guilty of misconduct is upon the employer. Id., see also id. at 4471.32-.33 (providing cites to cases discussing "burden of proof and presumptions" and "weight and sufficiency" of evidence).
This burden of proof accords with the public policy of this state.
As a guide to the interpretation and application of this chapter, the public policy of this state is declared to be as follows: Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state. Involuntary unemployment is therefore a subject of general interest and concern which requires appropriate action by the legislature to prevent its spread and to lighten its burden, which now so often falls with crushing force upon the unemployed worker and his family. The achievement of social security requires protection against this greatest hazard of our economic life. This can be provided by encouraging employers to provide more stable employment and by the systematic accumulation of funds during periods of employment to provide benefits for periods of unemployment, thus maintaining purchasing power and limiting the serious social consequences of poor relief assistance. The legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this state require the enactment of this measure, under the police powers of the state, for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.
Miss. Code Ann. § 71-5-3 (1972). In keeping with this public policy, this Court holds that in unemployment compensation cases, the employer bears the burden to prove by substantial, clear, and convincing evidence that a former employee's conduct warrants disqualification of benefits.[1]
Shannon failed to meet its burden to show that Berry's actions constituted insubordination or any other type of misconduct; ample evidence supports the converse of Shannon's allegation. This Court concurs with the Circuit Court opinion that Jones was merely standing up for his rights because he believed Shannon was trying to take advantage of him.
Based upon the foregoing discussion, the Supreme Court is without authority to reverse the Circuit Court's affirmation of the Board's decision; Jones should not be denied his unemployment benefits.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] Unemployment compensation cases under Title 71 of the Miss. Code Ann. requiring a "substantial, clear, and convincing" burden of proof should not be confused with wrongful dismissal cases under Title 37 requiring a "preponderance of the evidence" burden of proof. See Merchant v. Pearl Mun. Sep. Sch. Dist., 492 So.2d 959, 961 (Miss. 1986).