592 So.2d 1008 (1992)
Patricia Ann GORE
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and First Columbus National Bank.
No. 91-CC-0051.
Supreme Court of Mississippi.
January 8, 1992.
Richard Grindstaff, Columbus, for appellant.
Jan Garrick, Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and BANKS, JJ.
BANKS, Justice, for the Court:

I.
Here we determine whether a single instance of failing to adhere to a verbal admonition against discussing one's raise and bonus is disqualifying misconduct within the meaning of our unemployment compensation law. Holding that it is not, we reverse the judgment of the circuit court and that of the Mississippi Unemployment Security Commission.
Patricia Ann Gore, an employee of 10 1/2 years, was disqualified initially by the Claims Examiner on January 26, 1990, for "misconduct connected with the work." Her efforts at reversal were unsuccessful *1009 before the Appeals Referee and the Board of Review of the Mississippi Employment Security Commission. Gore unsuccessfully appealed the decision of the Board of Review to the Circuit Court of Lowndes County, Mississippi, and from there prosecutes this appeal.

II.
The Findings of Fact of the Appeals Referee, adopted and agreed to by the Board of Review, are as follows:
Claimant was employed with First Columbus National Bank, Columbus, Mississippi, in the accounting service department for approximately ten and one-half years. She was discharged from this employment on January 9, 1990, for violation of company confidentiality policy. On December 19, 1989, claimant was called into a meeting with the supervisor and advised of the amount of her bonus for 1989, and the amount of her raise to be effective in 1990. She along with other employees were instructed not to discuss these matters with any co-worker or this would be grounds for immediate dismissal. Witness testified she personally observed claimant discussing her bonus with a co-worker and reported the incident to the supervisor. Claimant was subsequently called into the office and confronted with the allegation. Claimant admitted she had discussed her own bonus with a co-worker and felt she had the right to do so since it was her own bonus. Claimant had previously signed a statement agreeing to abide by the bank's confidentiality policy. Witnesses testified at the hearing substantiating the testimony of the employer representative.
The bank's confidentiality policy requires some explanation. Although Gore signed, on May 12, 1987, a letter addressing confidentiality, that letter had no application to the charges brought against the employee. Set forth in its entirety it is as follows:
I understand that my job at First Columbus National Bank is of a confidential nature. I will not discuss my customer's business, nor the business of the bank outside the bank.
Each employee's account is personal and I will not look up information on another employee's account. I understand to do so will be grounds for immediate dismissal.
Nevertheless, this letter was introduced by the employer representative in support of the contention that Gore violated a "confidentiality policy" and the fact that such a "policy" was signed by Gore is featured prominently in the findings of the MESC. Obviously, to the extent that the decision of the MESC is grounded on a violation of the written policy signed by Gore, it is clearly erroneous.
The bank's proof, on the other hand, centered around the oral instructions given Gore on December 19th by the supervisor. Lauren Zumwalt, Linda Boyd and Jean Taylor testified that Gore and other employees were instructed when they were advised of the amount of their bonus for the year 1989 and of their raise effective 1990 not to discuss the bonus or raise with other employees. They further were advised that a violation of this "rule" would result in immediate discharge.
Later in January a co-worker told the supervisors that she had overheard Gore discussing her raise. That co-worker testified that she overheard Gore say something to another employee to the effect that her raise was only twenty dollars. That conversation was alleged to have taken place a week or so after the raises and bonuses had been discussed. The supervisor testified that within two days after learning that this had occurred, on January 9, she called Gore into her office. When confronted with the accusation, Gore responded that she thought she had a right to discuss this because it was her personal business. The employer took this response to be an admission.
At the hearing before the Appeals Referee, Gore admitted remarking to a fellow employee that her bonus was less than a month's salary and to complaining about the timing of the raise and bonus, three days before Christmas. She denied that *1010 the twenty dollar figure had anything to do with her raise or bonus.

III.
The term "misconduct" as used in our unemployment law has been definded by this court as "conduct evincing willful and wanton disregard of the employer's interest" not including "mere inefficiency [or] unsatisfactory conduct ... as a result of ... good faith errors in judgment or discretion." Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982). The burden of proof of disqualifying misconduct by clear and convincing evidence is lodged with the employer. Shannon Eng. & Const. v. Emp. Sec. Com'n, 549 So.2d 446, 449 (Miss. 1989).
We recognize that, in Shannon, this Court held that insubordination, as defined in Sims v. Bd. of Trustees, Holly Springs Mun. Separate School Dist., 414 So.2d 431, 435 (Miss. 1982), is "misconduct" within the meaning of the Mississippi Employment Security Commission Act.
In Sims, the Supreme Court adopted the following definition: "A `constant or continuing intentional refusal to obey a direct or implied order, reasonable in nature, and given by and with proper authority' [constitutes insubordination]." 414 So.2d at 435 (quoting Ray v. Minneapolis Bd. of Educ., Special School Dist. No. 1, 295 Minn. 13, 202 N.W.2d 375 (1972)). This Court holds that the Sims definition should be extended to unemployment cases and that insubordination is included within the scope of "misconduct."
Here, however, the employer failed to prove by substantial, clear and convincing evidence that Gore was guilty of insubordination. Nothing in the evidence suggests that Gore was guilty of a "constant or continuing refusal to obey a direct or implied order" of the employer. To the contrary, the weight of evidence suggests Gore guilty of only an isolated violation of the Bank's apparent rule regarding employee compensation confidentiality. That conduct may surely be considered unsatisfactory and an exercise of poor judgment. It is not such willful and wanton conduct as would disqualify one from unemployment compensation.
Accordingly, the decision of the circuit court is reversed, and judgment is rendered here for the Appellant, Patricia Ann Gore.
REVERSED AND RENDERED.
DAN M. LEE, P.J., and ROBERTSON, PITTMAN and McRAE, JJ., concur.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and SULLIVAN, J., dissent.
PRATHER, J., not participating.
ROY NOBLE LEE, Chief Justice, dissenting:
In this unemployment compensation case, appellant Gore was advised by her supervisor of the amount of her 1989 bonus and the amount of her raise to be effective in 1990 and was instructed not to discuss these matters with any co-worker or it would be grounds for immediate dismissal. Gore disregarded and violated those instructions and so admitted. The employer terminated her. The Claims Examiner, Appeals Referee, Board of Review, and Circuit Court of Lowndes County, Mississippi, held that she was not entitled to unemployment benefits because of her flagrant refusal to follow the instructions and, therefore, for insubordination. In my opinion, the judgment of the lower court should be affirmed.
The majority opinion recognized that insubordination has been held to be "misconduct" within the meaning of the Mississippi Employment Security Commission Act. In my view, refusal to follow instructions is insubordination and does not have to be constant and continuing. We have held that where a person was told not to sleep on the job and he was caught sleeping, that act constituted insubordination and he was terminated. We did not allow unemployment compensation benefits. Ray v. Bivens, 562 So.2d 119 (Miss. 1990). In MESC v. Martin, 568 So.2d 725 (Miss. 1990), we held that a person's absence from work because of his refusal to comply with directions on alcoholism treatment was a *1011 ground for termination without unemployment benefits.
Instructions given appellant Gore were vital to the harmony and efficient operation of the employer's business. Violation of the employer's instructions by Gore could very well have led to disruption, dissatisfaction and detriment to the employer's business. Confidentiality was necessary to the preservation of good relationships with the personnel.
Personnel in the Mississippi Supreme Court are required to keep matters confidential. If a Justice instructed his/her law clerk, secretary or other personnel to keep a matter confidential and not talk around the hall about it, and that individual violated and disregarded those instructions, he/she would probably last as long as the proverbial "snowball in Hades." Insubordination! In my opinion, the majority has fumbled the ball and I dissent.
HAWKINS, P.J., and SULLIVAN, J., join this opinion.
PRATHER, J., not participating.