GRIFFIS, J.,
for the Court.
¶ 1. Jerry Scott appeals the denial of unemployment benefits by the Mississippi Employment Security Commission. The Jefferson County Circuit Court affirmed the denial. Finding no error, we affirm.
FACTS
¶ 2. Scott was first employed with Wack-enhut, on December 2, 1984, as a security guard. On December 5, 2001, Scott was terminated for repeatedly refusing to follow Wackenhut’s instructions to attend fire watch training.
¶ 3. After his termination, Scott filed for unemployment benefits. A claims examiner investigated the matter and found that Scott was terminated for refusing to participate in required training which constituted misconduct. Scott appealed and a hearing was held by the referee. The referee concluded that Scott’s refusal to participate in a specific assignment constituted insubordination and a disrespect for authority, which rose to the level of misconduct. Scott appealed to the Board of Review. After careful consideration of the record, the Board of Review affirmed the decision of the referee.
¶ 4. Scott appealed to the Circuit Court of Jefferson County. After reviewing the record, the court found the Board of Review’s decision was supported by substantial evidence, and affirmed its decision. Scott now appeals to this Court alleging that Wackenhut did not show by substantial evidence he was discharged for misconduct.
STANDARD OF REVIEW
¶ 5. This Court’s scope of review in an unemployment compensation case is limited. The findings as to the facts of the Board of Review are conclusive if supported by substantial evidence and absent fraud. Johnson v. Mississippi Employment Sec. Comm’n, 761 So.2d 861, 863(¶ 5) (Miss.2000). Therefore, judicial review is limited to questions of law. Id. The denial of unemployment benefits will be disturbed on appeal only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee’s constitutional rights. Id.
ANALYSIS
¶ 6. Scott contends that Wackenhut did not show by substantial evidence that he was discharged for misconduct. James Dorsey, project manager for Wackenhut, testified that Scott was employed as a security guard for Wackenhut and also served as a member and union representative of the International Guards Union of America. When asked about the circumstances leading to Scott’s termination, Dorsey explained that Wackenhut and the International Guards Union bargained for a new contract beginning in 2002. However, the union and Wackenhut reached an impasse regarding implementation of the fire watch program. The union opposed security guards having to assume this ad *293 ditional duty and appealed to the National Labor Relations Board. The NLRB determined that Wackenhut was entitled to implement the contract providing for the fire watch program, beginning January 1, 2002. As part of the implementation, all security guards were required to attend a fire watch training program between October 1 and December 31, 2001.
¶ 7. Dorsey testified that Scott was instructed to attend the fire watch training program on two different occasions. The first was on November 8, 2001, and the second was on November 28, 2001. Scott refused to participate on both occasions. When Scott refused to participate on November 28, he was suspended. Dorsey attempted to contact Scott on November 29, December 3, 4, and 5 to inquire about him returning to work and attending the training program. When Scott did not respond to the messages left on his answering machine, he was terminated.
¶ 8. Scott admitted that he refused to participate in the training on November 8, but stated that this refusal was in his capacity as a union representative. Scott clearly refused to participate in a required training program.
¶ 9. Scott further admitted that he refused to participate on November 28, but claimed that this refusal was due to medical problems. Scott relies on Mississippi Employment Security Commission v. Noel, 712 So.2d 728, 730-32 (Miss.Ct.App. 1998), which held that the claimant’s pain and her refusal to perform assigned duties because of the pain did not disqualify her from receiving unemployment benefits. Scott’s reliance on Noel is misplaced. In Noel, the claimant’s resistance to work was predicated upon complaints of agonizing pain. Id. at ¶ 9, 731-32. As a result, the court stated that the claimant’s supervisor should have given her the additional time necessary for medical assessment. Id. at 732. Here, Scott testified that he gave Dorsey a note which stated he had a doctor’s appointment on December 7, 2001. Scott admitted that, after giving Dorsey the note, he did not say anything else regarding his medical problems. Furthermore, there is nothing in the record to indicate that Scott’s refusal to participate in the fire watch training program was “predicated upon complaints of agonizing pain.” Id. at 731.
¶ 10. The referee followed Mississippi Code Annotated Section 71 — 5—513(A)(1)(b) (Rev.2000) which states:
an individual shall be disqualified for benefits for the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work, if so found by the commission, and for each week thereafter until he has earned remuneration for personal services performed for an employer, equal to not less than eight (8) times his weekly benefit amount, as determined in each case.
¶ 11. For the definition of “misconduct” the referee relied on Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982):
[T]he meaning of the term “misconduct,” as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or *294 incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered “misconduct” within the meaning of the statute.
¶ 12. The referee further relied on the Mississippi Employment Security Commission Administrative Manual, Part V, Paragraph 1720, which states that an employee shall not be found guilty of misconduct for violation of a rule unless: (1) the employee knew or should have known of the rule, (2) the rule was lawful and reasonably related to the job environment and job performance, and (3) the rule is fairly and consistently enforced.
¶ 13. The referee concluded that Scott was terminated for insubordination which rose to the level of “misconduct” and disqualified Scott for unemployment benefits. The Board of Review, after careful review and consideration of all evidence, adopted the findings of fact and opinion of the referee and thereby affirmed the referee’s decision.
¶ 14. Insubordination is within the scope of disqualifying misconduct. Shannon Eng’g & Constr., Inc. v. Mississippi Employment Sec. Comm’n, 549 So.2d 446, 449 (Miss.1989). Employee insubordination amounting to disqualifying misconduct is defined as “[a] constant or continuing intentional refusal to obey a direct or implied order, reasonable in nature, and given by and with proper authority.” Id. The evidence shows that Scott’s continued refusal to participate in the required training program constitutes insubordination amounting to disqualifying misconduct. The testimony of Dorsey, as well as Scott’s own testimony, indicate that the decision of the Board of Review was supported by substantial evidence.
¶ 15. Upon review, this Court finds that the decision of the Board of Review was supported by substantial evidence, was not arbitrary or capricious, was not beyond the scope of the powers of the Mississippi Employment Commission, and was not in violation of Scott’s constitutional rights. Furthermore, this Court specifically finds that Scott’s actions constituted “misconduct.” Thus, the denial of unemployment benefits will be affirmed.
¶ 16. THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT AFFIRMING THE FINDINGS OF THE BOARD OF REVIEW IS AFFIRMED.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.