921 So.2d 390 (2005)
Dorothy A. WASHINGTON, Appellant
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellee.
No. 2004-CC-01899-COA.
Court of Appeals of Mississippi.
November 15, 2005.
Rehearing Denied November 29, 2005.
Certiorari Denied February 16, 2006.
*391 Dorothy A. Washington, pro se.
Albert White, Madison, attorney for appellee.
EN BANC.
BRIDGES, J., for the Court.
¶ 1. Dorothy Washington filed a claim for benefits under the Mississippi Employment Security Law on September 14, 2003. On September 29, the claims examiner disqualified Washington for benefits on the ground that she left voluntarily without good cause. A Referee set a telephonic hearing to review her appeal on October 29, 2003 that Washington failed to participate in. The Referee decided that Washington did not meet her burden of establishing good cause to leave her job. On December 4, 2003 the Board of Review adopted that position and on June 30, 2004 the circuit court of Sunflower County affirmed this decision. Washington appeals this decision that she did not prove good cause.

STATEMENT OF FACTS
¶ 2. Dorothy Washington worked for the Mississippi Department of Corrections as a correctional officer from June 11, 1996 to June 18, 2003. At this point she voluntarily resigned. Washington stated that she suffered tremendous emotional trauma while working for the agency. She claims that other workers sexually harassed her and other ongoing conflicts involving co-workers harassing her and creating rumors about her personal business. Washington argues that this led to her stress and anxiety. She also sent a complaint letter to internal affairs after leaving employment.
¶ 3. On September 29, 2003, the claims examiner ruled that Washington left her position because of the working conditions but failed to show that the "working conditions were a detriment to [her] health, safety, or morals." Washington failed to *392 attend a telephonic appeal hearing which lead to the referee affirming the decision without further testimony. The Board of Review received this appeal and affirmed it based on the record. The Sunflower Circuit Court affirmed the case saying, "she failed to meet her burden of showing that she left her employment involuntarily or voluntarily with good cause."

ANALYSIS
¶ 4. "The findings as to the facts of the Board of Review are conclusive if supported by substantial evidence and absent fraud. Therefore, judicial review is limited to questions of law. The denial of unemployment benefits will be disturbed on appeal only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee's constitutional rights." Scott v. Mississippi Employment Sec. Comm'n, 892 So.2d 291, 292(¶ 5) (Miss.Ct.App.2004) citing (Johnson v. Mississippi Employment Sec. Comm'n, 761 So.2d 861, 863(¶ 5) (Miss.2000))
¶ 5. Washington states that her doctor diagnosed her with depression and put her on medication. She argues that her job with the Department of Corrections caused her the stress that led to her depression and that the medication made her too drowsy to safely do her job. Washington points to Mills v. Mississippi Employment Sec. Comm'n., 228 Miss. 789, 89 So.2d 727, 729 (1956) which noted that someone who voluntarily leaves work may receive unemployment benefits if they left through no fault of their own. She also correctly cites to Hudson v. Mississippi Employment Sec. Comm'n., 869 So.2d 1065, 1068 (Miss.Ct.App.2004) to note that she has the burden to prove her good cause to leave her job. However, she then argues that the Commission violated her constitutional rights and that the, "the agency must review their record and findings to determine whether evidence exists to support their findings that Washington voluntarily left her job without good cause." She fails to cite law for this point. She does cite Hoerner Boxes, Inc. v. Mississippi Employment Sec. Comm'n 693 So.2d 1343 (Miss.1997) on the point that sexual and racial harassment constituted good cause in this case when an employee left work voluntarily for purposes of unemployment compensation. However, in Hoerner, the referee whose hearing she failed to attend reversed the claimant's case and also noted that the employee had the burden to prove the harassment.
¶ 6. Washington failed to meet this burden of showing good cause. The Mississippi Department of Employment Security acts as the fact finder and determines the weight to place on the evidence. Hudson v. Mississippi Employment Sec. Comm'n., 869 So.2d 1065, 1068(¶ 11) (Miss.Ct.App. 2004) The department decided that Washington did not show good cause. Washington failed to testify before the referee or present any evidence at that time. Without this testimony, Washington failed to present necessary evidence to prove that the Commission erred in its decision finding that she did not prove she involuntarily left work.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.