LEE, P.J.,
for the Court:
PROCEDURAL HISTORY AND FACTS
¶ 1. Bertha Collins was employed by Tony’s Café in Aberdeen, Mississippi, as a waitress until she was discharged due to an altercation with Tony’s owner, Teresa Davis. Collins had failed to report to work on February 16, 2009, and the altercation on February 17 resulted from Davis’s questioning of Collins about her absence from work. Davis stated that Collins yelled profanities at her, pointed a finger in her face, and shoved her. Collins admitted that she yelled at Davis, but she denied pointing her finger at Davis and shoving her. Collins was fired on February 17.
¶ 2. Collins subsequently filed for unemployment benefits with the Mississippi Department of Employment Security (MDES). The claims examiner determined that Collins was disqualified from receiving benefits. Collins appealed. After a telephonic hearing, the administrative judge (AJ) found that Collins’s behavior constituted misconduct; thus, she was not entitled to benefits.
¶ 3. Collins appealed to the Board of Review. The Board adopted the AJ’s findings of fact and affirmed the decision to deny benefits. Collins then appealed to the Monroe County Circuit Court, which affirmed the decision of the Board.
¶ 4. Collins now appeals, asserting the following issues: (1) MDES violated her due-process rights, and (2) her behavior did not constitute misconduct. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 5. Our restrictive standard of review for administrative appeals is well known. In the absence of fraud and if supported by substantial evidence, an order from the Board on the facts is conclusive in the lower court. Miss. Employment Sec. Comm’n v. PDN, Inc., 586 So.2d 838, 840 (Miss.1991). On appeal, employees have the burden of overcoming a rebuttable presumption in favor of the Board’s decision. Miss. Employment Sec. Comm’n v. Noel, 712 So.2d 728, 730 (¶ 5) (Miss.Ct.App.1998). The denial of benefits may be disturbed only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee’s constitutional rights. Miss. Comm’n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993).
DISCUSSION
I. DUE PROCESS
¶ 6. Collins contends that her due-process rights were violated because MDES failed to provide her with proper notice of the precise issues to be determined at her hearing before the AJ. Collins asserts that she was only given notice *686 that her discharge was due to absenteeism and not the altercation with Davis.
¶ 7. In Booth v. Mississippi Employment Security Commission, 588 So.2d 422, 427 (Miss.1991), the Mississippi Supreme Court stated that, in appeals before administrative agencies, minimum due process is required, which consists of “notice reasonably calculated, under all the circumstances, to apprise interested parties ... and afford them an opportunity to present objections.” Collins was notified of the hearing and that the issue to be discussed concerned the reason for her discharge. Although the reason for Collins’s discharge on some of the MDES forms and letters was for absenteeism, it is clear from the record that Collins was aware her termination resulted from the altercation with Davis. Collins produced a witness to testify on her behalf at the telephonic hearing and admitted three letters from witnesses to support her version of the altercation.
¶ 8. It is apparent that Collins was afforded minimum due process; thus, we find no violation of her constitutional rights. This issue is without merit.
II. MISCONDUCT
¶ 9. Collins also contends that her behavior did not constitute misconduct. Collins specifically argues that a single instance of misconduct does not meet the definition of misconduct sufficient to disqualify her for benefits. A definition of the term “misconduct” can be found in Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982), which provides:
[T]he meaning of the term “misconduct,” as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.
Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences [sic] and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered “misconduct” within the meaning of the statute.
¶ 10. We find that there was substantial evidence to support the Board’s decision. Collins yelled profanities at Davis and shoved her. This occurred in the restaurant in front of patrons and other employees. One of Collins’s witnesses admitted that she had to separate Collins and Davis. Davis stated that she asked Collins to leave the premises, but Collins continued to yell at her. This conduct is a deliberate disregard of standards of behavior that Davis had a right to expect from Collins. This issue is without merit.
¶11. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT IS AFFIRMED.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.