LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Jacqueline Pendleton worked for Sanderson Farms until August 17, 2009, when she was discharged for clocking in a coworker, Joe Coleman, approximately thirty minutes before Coleman arrived for his shift. Pendleton admitted she had *285 Coleman’s badge but denied clocking in Coleman early. Pendleton admittedly clocked in for other coworkers, but she claims it was only those coworkers she knew would be coming to work. Pendle-ton filed for unemployment benefits with the Mississippi Employment Security Commission (MESC).
¶ 2. After investigating the matter, the MESC claims examiner determined Pen-dleton had violated Sanderson Farms’ policy prohibiting falsification of time records. According to Tracy Hall, the Field Employee Relations Manager, one incident of clocking in for another employee is grounds for immediate discharge without a warning. This policy was told to every employee and posted in the employee break room at Sanderson Farms. It was also discovered that Pendleton had clocked in for Coleman on a day that Coleman did not show up for work, resulting in Coleman being paid for not working.
¶ 8. The claims examiner disqualified Pendleton from receiving unemployment benefits. The administrative judge (AJ) held a telephonic hearing and ultimately affirmed the decision of the claims examiner. The MESC Board of Review (Board) also affirmed, adopting the AJ’s facts and conclusions. Pendleton appealed to the Copiah County Circuit Court. The circuit court also affirmed the decision of the Board.
¶ 4. Pendleton now appeals asserting she did not commit the misconduct as charged; thus, she is entitled to unemployment benefits. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 5. Our restrictive standard of review for administrative appeals is well known. In the absence of fraud and if supported by substantial evidence, an order from the Board on the facts is conclusive in the trial court. Miss. Employment Sec. Comm'n v. PDN, Inc., 586 So.2d 838, 840 (Miss.1991). On appeal, employees have the burden of overcoming a rebutta-ble presumption in favor of the Board’s decision. Miss. Employment Sec. Comm'n v. Noel, 712 So.2d 728, 730 (¶ 5) (Miss.Ct.App.1998). The denial of benefits may be disturbed only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee’s constitutional rights. Miss. Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993).
DISCUSSION
¶ 6. In her only issue on appeal, Pendleton argues that she did not commit misconduct; thus, she should be awarded unemployment benefits. A definition of the term “misconduct” can be found in Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982), which provides:
[T]he meaning of the term “misconduct,” as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences [sic] and ordinary negligence in isolated incidents, and good faith errors in judgment or *286 discretion were not considered “misconduct” within the meaning of the statute.
¶ 7. We find that there was substantial evidence to support the Board’s decision. The record established Pendleton had Coleman’s identification badge, and someone used it to clock in for Coleman approximately thirty minutes before his shift. Pendleton further admitted that she occasionally clocked in for other employees. Also, Sanderson Farms employees were notified of the company policy that falsification of time records is grounds for immediate discharge without warning. This policy was also posted in the employee break room, and Pendleton’s duties included cleaning the break room.
¶ 8. We note that several cases indicate a one-time violation of an employer’s policies can constitute misconduct. See Halbert v. City of Columbus, 722 So.2d 522, 527 (¶ 22) (Miss.1998) (employee’s refusal to submit to a random drug test constituted misconduct; thus, she was not entitled to unemployment benefits); Miss. Employment Sec. Comm’n v. Percy, 641 So.2d 1172, 1173-74 (Miss.1994) (nurse’s failure to punch time cards was violation of hospital policy and constituted misconduct; thus, she was disqualified from receiving unemployment benefits); Richardson v. Miss. Employment Sec. Comm’n, 593 So.2d 31, 35 (Miss.1992) (employee failed to maintain his Mississippi driver’s license, which was a required condition of employment, and this amounted to misconduct as a matter of law).
¶ 9. We affirm the circuit court’s decision, which affirmed the Board’s denial of unemployment benefits to Pendleton.
¶ 10. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT IS AFFIRMED.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.