LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Brenda. Washington was terminated from her job in the DeSoto County School District. Washington thereafter filed for unemployment benefits with the Mississippi Department of Employment Security (MDES). After investigating the matter, the MDES claims examiner determined Washington was disqualified from receiving benefits due to misconduct. The administrative judge (AJ) held a hearing and ultimately affirmed the decision of the claims examiner. The MDES Board of Review (the Board) also affirmed, adopting the AJ’s facts and conclusions. Washington appealed to the DeSoto County Circuit Court, which affirmed the Board’s decision.
¶ 2. Washington now appeals, asserting she is entitled to unemployment benefits because she did not commit misconduct.
STANDARD OF REVIEW
¶ 3. Our restrictive standard of review for administrative appeals is well known. In the absence of fraud and if supported by substantial evidence, an order from the Board on the facts is conclusive in the trial court. Miss. Emp’t Sec. Comm’n v. PDN, Inc., 586 So.2d 838, 840 (Miss.1991). On appeal, employees have the burden of overcoming a rebuttable presumption in favor of the Board’s decision. Miss. Emp’t Sec. Comm’n v. Noel, 712 So.2d 728, 730 (¶5) (Miss.Ct.App.1998). The denial of benefits may be disturbed only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3)beyond the scope of power granted to the agency, or (4) in violation of the em *164 ployee’s constitutional rights. Miss. Comm’n on Envtl. Quality v. Chickasaw Cnty. Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1998).
DISCUSSION
¶ 4. In her only issue on appeal, Washington argues that she did not commit misconduct; thus, she should be awarded unemployment benefits. A definition of the term “misconduct” can be found in Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982), which provides:
[T]he meaning of the term “misconduct,” as used in the unemployment compensation statute, [is] conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, [come] within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered “misconduct” within the meaning of the statute.
(Citation omitted). Washington claims the only evidence produced to support her termination was hearsay. However, this Court has stated that “if hearsay, even if not corroborated in the traditional sense, is highly probative because it has strong indicia of reliability, it can at least in many situations be substantial evidence.” McClinton v. Miss. Dep’t of Emp’t Sec., 949 So.2d 805, 814 (¶ 29) (Miss.Ct.App.2006).
¶ 5. Washington worked for the school district as a cook, cashier, and server. Washington had worked at different school locations over the course of her employment. On September 23, 2011, Washington admittedly had a verbal altercation with another employee. Both employees were admonished by Amy Wells, the supervisor who witnessed the argument. The next day, Washington and the same coworker began arguing again. Debra Pickett, the cafeteria manager, spoke with Cynthia Coleman, the child-nutrition director, about the incident. Coleman instructed Pickett to have Washington clock out for the day and go home. Lindsey Lauderdale, the child-nutrition administrator, was told of the altercations by several people, including Wells. Washington was discharged shortly thereafter. There was testimony that Washington had been transferred three times to different schools due to problems getting along with her coworkers. Washington’s termination notification states she was discharged for being “uncooperative, [having a] negative attitude, and causing] conflict.”
¶ 6. According to the employee handbook, inappropriate conduct such as “failure to interact courteously and tactfully with managers/supervisors, coworkers, and students to the point that productivity or morale suffers may be grounds for discipline including termination.” Washington signed an acknowledgment that she received a copy of the employee handbook. Washington did admit to having personal conflicts at work. We find substantial evidence to support the Board’s decision; thus, we affirm the trial court’s decision to uphold the Board’s denial of unemployment benefits to Washington.
*165 ¶ 7. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT IS AFFIRMED.
IRVING AND GRIFFIS, P. JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.