LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Debra Kent was fired from River Regional Medical Corp., where she was a lab coordinator and section supervisor. Kent filed for unemployment benefits with the Mississippi Department of Employment Security (MDES). After investigating the matter and interviewing Kent and her supervisor, Darlene White, the MDES claims examiner determined that Kent was disqualified from receiving benefits because she was discharged for misconduct. Kent appealed to the administrative law judge (ALJ). After a hearing, the ALJ found that following warnings that her work was substandard, Kent failed to notify her director that a lab instrument was out of compliance for several months. The ALJ stated that Kent’s actions showed “a willful and wanton disregard of the employer’s interest and constitute^] misconduct connected with the work.” The MDES Board of Review (the Board) also affirmed, adopting the ALJ’s fact findings and conclusions. Kent appealed to the Warren County Circuit Court, which affirmed the Board’s decision.
¶ 2. Kent now appeals, asserting (1) she is entitled to unemployment benefits because she did not commit misconduct, (2) the circuit court’s judgment was arbitrary and capricious, and (3) the circuit court erred in denying Kent’s request to supplement the record.
STANDARD OF REVIEW
¶ 3. Our review of administrative appeals is restrictive. In the absence of fraud and if supported by substantial evidence, the Board’s order on the facts is conclusive in the trial court. Miss. Emp’t Sec. Comm’n v. PDN, Inc., 586 So.2d 838, 840 (Miss.1991). On appeal, employees have the burden of overcoming a rebuttable presumption in favor of the Board’s decision. Miss. Emp’t Sec. Comm’n v. Noel, 712 So.2d 728, 730 (¶ 5) (Miss.Ct.App.1998). The denial of benefits may be disturbed only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee’s constitutional rights. Miss. Comm’n on Envtl. Quality v. Chickasaw Cnty. Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993).
DISCUSSION
I. MISCONDUCT
¶ 4. Kent argues that she did not commit misconduct; thus, she should be awarded unemployment benefits. The Mississippi Supreme Court defined the term “misconduct” in Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982), which provides:
[T]he meaning of the term “misconduct,”. as used in the unemployment compensation statute, [is] conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties *233 and obligations to his employer, [come] within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered “misconduct” within the meaning of the statute.
(Citations omitted). Kent asserts that she was terminated for substandard work. Furthermore, she argues that she was not guilty of misconduct because she “was not charged with insubordination or any willful[-]type conduct or any of the qualifying elements of ‘misconduct’ on the day of her termination.”
¶ 5. On May 28, 2010, Kent was given a verbal warning that she had acted insubor-dinately when she prepared the payroll in her supervisor’s absence. Instead of calling her supervisor to ask questions regarding the payroll, Kent delivered the payroll checks along with a letter denying any responsibility for errors in preparing the checks. On July 7, 2010, she received a written warning for insubordination when she refused to attend a meeting required by her supervisor on June 2, 2010. Also on July 7, 2010, she received a final warning for unprofessional conduct, insubordination, and failure to follow the chain of command, regarding an incident on June 3, 2010, where she refused to report to the human-resources office with a supervisor and requested a physician to intervene in her personnel matters.
¶ 6. On July 9, 2010, Kent was discharged because she failed to report that a laboratory instrument that analyzed bodily fluids was not properly calibrated and had been out of compliance for about three months. Because she failed to timely report this, the hospital failed to meet verification standards of the Joint Commission Regulations.
¶ 7. The Board adopted the findings of the ALJ, which stated Kent’s “actions of performing substandard work following warnings show[ ] a willful and wanton disregard of the employer’s interest and constitute misconduct connected with the work.” We find substantial evidence to support the Board’s decision; thus, we affirm the circuit court’s decision to uphold the Board’s denial of unemployment benefits to Kent.
II. ARBITRARY AND CAPRICIOUS
¶ 8. Kent argues that the circuit court’s judgment was not supported by substantial evidence and was arbitrary and capricious. The supreme court has stated that an act is arbitrary when, instead of being done in accordance with reason and judgment, it is done “depending on the will alone.” Miss. State Dep’t of Health v. Natchez Cmty. Hosp., 743 So.2d 973, 976 (¶ 13) (Miss.1999) (citations omitted). An act is capricious “if done without reason, in a whimsical manner, implying either a lack of understanding of or disregard for the surrounding facts and settled controlling principles.” Id.
¶ 9. The circuit court recognized that Kent’s failure to report that the instrument was not properly calibrated was not done intentionally or maliciously. However, the court stated that “it also recognize[d] the grave importance of [Kent’s] duty to report the [instrument’s] status. [Her] failure to report the status of the instrument could have had severe consequences that could have le[d] to the death or serious illness of one of her employer’s patients.” The circuit court then found that Kent’s actions were of such high degree of negligence that “they [were] a substantial disregard of [her] duties and obligations to her employer, thereby constituting misconduct connected to her work.” We find that the Board’s decision *234 was not made depending on will alone or in a whimsical manner. Therefore, the judgment was not arbitrary or capricious. This issue is without merit.
III. SUPPLEMENTATION OF THE RECORD
¶ 10. Over two months after Kent had filed her reply brief in the circuit court, she moved to supplement the record or, in the alternative, for the court to remand for further findings of fact by the AL J and the Board. Kent sought to enter into the record deposition testimony from Dr. Vee-na Shenoy and the minutes of the July 15, 2010 laboratory supervisor’s meeting. Both the deposition and the minutes were obtained in another case. On September 28, 2011, Kent filed a notice for the court to have a hearing on the matter on November 3, 2011. Then, on October 14, 2011, Kent filed a re-notice for a hearing on November 3, 2011. Apparently, no hearing occurred, and two months later, the court issued its order affirming the Board’s denial of unemployment benefits. The court did not address Kent’s motion to supplement the record.
¶ 11. Under Uniform Rule of Circuit and County Court 2.04, the movant has the duty to pursue her “motion to hearing and decision by the court. Failure to pursue a pretrial motion to hearing and decision before trial is deemed an abandonment of that motion[.]” Because Kent failed to pursue her motion to a hearing and decision by the court, her motion was abandoned. This issue is without merit.
¶ 12. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED.
GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.